## Commonwealth v. Gerhard

*Edward B. Duffy*, for Commonwealth.
*William A. O'Donnell, Jr.*, for defendant.

KNIGHT, P. J., September 29, 1939.—This is a motion to quash the information filed in the above case.

It appears that defendant was charged with a violation of section 1001(*a*) of The Vehicle Code of May 1, 1929,

P. L. 905, of the Commonwealth of Pennsylvania. This section provides, inter alia, as follows:

"Reckless Driving.—Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

In support of the motion to quash the information, the following reasons are assigned:

"1. That a true and correct copy of the said information was not forwarded to the said defendant as required by act of assembly in such case made and provided. A copy of the original information is attached hereto marked Exhibit 'A' and made a part hereof. A copy of the information forwarded to defendant is attached hereto, marked Exhibit 'B' and made a part hereof.

"2. That the information is general and contains only conclusions of law and does not inform defendant of the violation of which he is charged."

We believe the first reason is without any merit, and an examination of the copy of the information attached to the petition to quash shows that the original information charges defendant with a violation of the section above quoted, in that he did "by carelessly and wilfully driving said motor vehicle, disregarding the rights and safety of others, in a manner so as to endanger any persons or property, contrary to the act of assembly enacted May 1, 1929, and amendments thereto."

The copy of the information furnished to defendant says: "By reckless driving said motor vehicle, carelessly, and wilfully, or wantonly disregarding the right and safety of others or in a manner so as to endanger any person or property, contrary to the act of assembly enacted May 1, 1929, and amendments thereto."

It is evident the justice of the peace made out the original information, and the copy thereof, in longhand,

and that the copy is not an exact copy of the original. The Vehicle Code, supra, art. XII, sec. 1202, provides that a copy of the information shall be furnished to defendant, but it does not say that it shall be an exact copy. We do not expect from the minor judiciary, not learned in the law, that same exactitude and nicety in the preparation of papers as would be required in a court of record. The copy furnished to defendant was sufficient to notify him of the charge against him, of the time and place when he was alleged to have violated the law, and we are of the opinion that this is a sufficient notice, and is a copy within the meaning of the act.

Nor do we feel that there is any merit in the second reason assigned in support of the motion.

The original information charges defendant with a violation of the section and subsection, "by carelessly and wilfully driving said motor vehicle, disregarding the rights and safety of others, in a manner so as to endanger any person or property."

It is to be noted that the word "or" is omitted in the original information, and that defendant is charged with carelessly and wilfully . . . disregarding the rights and safety of others, in a manner so as to be dangerous to any person or property.

It has been said repeatedly that an indictment which described an offense in the words of the statute is sufficient, and certainly we should require no greater particularity in an information filed before a justice of the peace. It is true that there are cases which have held that informations using the words of the statute are insufficient, but the later cases and best considered adjudications have upheld informations such as the present.

In Commonwealth v. Kline, 35 D. & C. 19 (1938), Judge Schaeffer had before him almost the exact questions raised in this case. In a well-considered opinion, Judge Schaeffer held the information to be good.

For the reasons set forth in the opinion in Commonwealth v. Kline, supra, as well as our own views in the

matter, we are of the opinion that the second reason assigned by defendant in support of his motion is without merit.

And now, September 29, 1939, the motion to quash the information is overruled.